UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ERIC VICIAN, RENEE AST
and JUSTIN LANGLEY, on their
own behalf and on behalf of those
similarly situated,

     Plaintiffs,

v.                     CASE No. 8:13-CV-1871-T-17TGW

TIMOTHY M. ROBERTS,
DAVID HUNTER, DAVID BUCKEL,
TERRANCE TAYLOR and
TODD WALLACE,

     Defendants.

_____

## REPORT AND RECOMMENDATION

The plaintiffs allege that the defendant, Timothy M. Roberts, failed to pay them overtime and minimum wages in violation of the Fair Labor Standards Act. The defendant did not defend this case, and the Clerk entered default against him. The plaintiffs have submitted evidence that they sustained recoverable damages totaling $51,895.90. I therefore recommend that the Motion for Default Judgment Against Defendant Roberts (Doc. 18) be granted, and that default judgment be entered against the defendant in that amount.

I.

On July 19, 2013, plaintiffs Eric Vician, Renee Ast, and Justin Langley filed a complaint, on their own behalf and on behalf of those similarly situated, alleging that the defendant failed to pay them the minimum wage for all hours worked and overtime compensation for hours worked in excess of 40 in a workweek, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201 et seq. (Doc. 1).[1]  The plaintiffs sought unpaid minimum wages and overtime compensation, liquidated damages, post-judgment interest, and attorneys' fees and costs. Thereafter, Jeanne LaPensee and Bryant Reyes consented to become plaintiffs in this action (Docs. 6, 11).

The plaintiffs allege that they were employed by Savtira Corporation, "a company that claimed to be 'in the business of digital distribution with a Software-as-a-Service (Saas) eCommerce platform that is a turnkey system for the distribution, marketing, merchandising, and selling of both digital media and physical goods in a single store and a single, unified

---

[1] In addition to defendant Roberts, the complaint was brought against defendants David Hunter, David Buckel, Terrance Taylor, and Todd Wallace.  Although the memorandum in support of entering default judgment in favor of opt-in plaintiff Bryant Reyes refers to all of the defendants (Doc. 22), the motion itself seeks the entry of default judgment only as to defendant Roberts (Doc. 18).

shopping cart'" (Doc. 1, ¶¶12-13).  According to the plaintiffs, the defendant, who was the Chief Executive Officer of Savtira, had operational control of the company and "acted directly or indirectly in the interests of Savtira in relation to Plaintiffs" (id., ¶¶6, 15-16).

The plaintiffs contend that they were not paid minimum wages for all hours worked and, despite working in excess of 40 hours in a workweek, they did not receive overtime compensation (id., ¶¶24, 26).  The plaintiffs further allege that they did not meet the requirements for any FLSA exemptions "because they were not actually paid on a salary basis for all hours worked" (id., ¶23).   The defendant was provided notice of the plaintiffs' claims (id., ¶27).

On November 4, 2013, the defendant was served with the summons and complaint (Doc. 8).  However, the defendant failed to file a response to the complaint or otherwise appear in this case.  Consequently, a default was entered against the defendant (Doc. 10).

Subsequently, the plaintiffs filed a Motion for Default Judgment against the defendant pursuant to Rule 55(b), Fed.R.Civ.P., seeking entry of default judgment against the defendant in the amount of $51,895.90 (Doc.

18). Attached to the motion are declarations from each plaintiff, in which they attest to the amount of damages they sustained as a result of the defendant's FLSA violations (Docs. 18-1, 18-2, 18-3, 18-4, 18-5). The defendant has not responded to this motion.

## II.

Pursuant to Rule 55(b)(2), Fed.R.Civ.P., a party may seek from the court a default judgment for the amount of the damages caused by the defaulting party. The plaintiffs seek entry of a default judgment against the defendant in the amount of $51,895.90, which comprises unpaid minimum wages and overtime compensation, as well as liquidated damages, sustained as a result of the defendant's FLSA violations (Doc. 18, p. 7).[2]

A. The defendant's liability for violations of the FLSA is established by the default entered against him in this case. See 29 U.S.C. 203(d) (broadly defining employer under the FLSA to include "any person acting directly or indirectly in the interest of an employer in relation to an employee"); Alvarez Perez v. Sanford-Orlando Kennel Club, Inc., 515 F.3d 1150, 1160 (11th Cir. 2008) ("a corporate officer with operational control of

---

[2]The motion states that the plaintiffs will "seek their attorneys' fees and costs in an amount to be determined by this Court at a later date" (Doc. 18, p. 7).

a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages"). In this connection, the plaintiffs alleged in the complaint that the defendant was the Chief Executive Officer of Savtira, had operational control of Savtira, and "acted directly or indirectly in the interests of Savtira in relation to Plaintiffs" (Doc. 1, ¶¶6, 15-16). These undisputed allegations are sufficient to establish the operational control necessary for individual liability under the FLSA. Alvarez Perez v. Sanford-Orlando Kennel Club, Inc., supra, 515 F.3d at 1160 (operational control for individual liability under the FLSA requires that the corporate officer "either be involved in the day-to-day operation or have some direct responsibility for the supervision of the employee").

B. "Although a defaulted defendant admits well-pleaded allegations of liability, allegations relating to the amount of damages are not admitted by virtue of default. Rather, the Court determines the amount and character of damages to be awarded." Miller v. Paradise of Port Richey, Inc., 75 F.Supp.2d 1342, 1346 (M.D. Fla. 1999). "[A] judgment by default may not be entered without a hearing unless the amount claimed is a liquidated sum or one capable of mathematical calculation." United Artists Corp. v.

Freeman, 605 F.2d 854, 857 (5th Cir. 1979).  When the essential evidence regarding damages is in the record, a hearing may be unnecessary.  SEC v. Smyth, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005).

Here, the plaintiffs' damages are easily calculable and set forth in declarations.  Accordingly, a hearing to establish the amount of damages owed to the plaintiffs is not necessary.

The FLSA affords an individual whose employer violates the FLSA an award of his unpaid minimum wages, overtime compensation, and liquidated damages.  29 U.S.C. 216(b).  Under the FLSA, a district court generally must award a plaintiff liquidated damages that are equal in amount to actual damages.  Id.  ("Any employer who violates the provisions of [the FLSA] ... shall be liable to the ... employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation ... and in an additional equal amount as liquidated damages.").  The liquidated damages under the FLSA are compensatory in nature.  Snapp v. Unlimited Concepts, Inc., 208 F.3d 928, 934 (11th Cir. 2000), cert. denied, 532 U.S. 975 (2001).  Thus, "the liquidated damage provision is not penal in its nature but constitutes compensation for the retention of a workman's pay which might

-6-

result in damages too obscure and difficult of proof for estimate other than by liquidated damages." Id. (quoting Brooklyn Sav. Bank v. O'Neil, 324 U.S. 697, 707 (1945)).

Each plaintiff has filed a declaration which attests, under the penalty of perjury, the basis of their damage claim. These declarations indicate the hourly wages, the approximate number of hours worked weekly, and the number of weeks or hours for which they received no compensation (Docs. 18-1, 18-2, 18-3, 18-4, 18-5). The defendant, who has the burden to make and preserve time records, 29 U.S.C. 211(c), has not produced time records, or otherwise controverted this evidence. Therefore, these declarations should be accepted as "sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 687 (1946).

The Supreme Court has stated that, when an employer, who is usually in a superior position to keep records of employee wages and hours, fails to produce accurate records, "[t]he solution ... is not to penalize the employee by denying him any recovery on the ground that he is unable to prove the precise extent of uncompensated work." Id. Therefore, it set forth

a burden-shifting test where "an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." Id.

The burden then shifts to the employer to bring forth either evidence of the precise amount of work performed, or evidence to negate the reasonableness of the inference to be drawn from the employee's evidence. Id. at 687-88. "If the employer fails to produce such evidence, the court may then award damages to the employee, even though the result be only approximate." Id. at 688; see Hodgson v. Ricky Fashions, Inc., 434 F.2d 1261, 1264 (5th Cir. 1970) (plaintiffs' testimony as to the number of hours weekly and the number of weeks that schedule was maintained "is sufficient to provide a basis for a reasonable determination of the unpaid wages").

As indicated, the defendant did not present any evidence regarding the amount of work performed by the plaintiffs or otherwise rebut the plaintiffs' averments. Accordingly, the undisputed damages sustained by each plaintiff, as stated in their declarations, are addressed in turn:

1. Eric Vician

Vician avers that he was not paid for 8 of the last 10 weeks of his employment with the defendant (Doc. 18-1, ¶3). He worked approximately 47.5 hours weekly, except for one week when he worked 54.5 hours (id., ¶4). This represents 320 hours of regular time and 67 hours of overtime. Vician states that the minimum wage at the time was $7.67, and his "regular rate of pay was $38.46 when [he] worked 47.5 hours and $33.52 when [he] worked 54.5 hours" (id., ¶¶6-7).[3] The overtime rate when he worked 47.5 hours was $57.69 (1.5 x $38.46) and $50.28 (1.5 x $33.52) when he worked 54.5 hours in a week. Based on Vician's statement that he worked approximately 47.5 hours during each of 7 weeks and 54.5 hours for 1 week, he is owed overtime compensation for 52.5 hours at the rate of $57.69 and 14.5 hours at the rate of $50.28. Therefore, Vician attests that the defendant owes him $2,454.40 in minimum wages (320 x $7.67), $3,757.79 in overtime compensation, and $6,212.19 in liquidated damages (id., ¶¶8-10). The total amount of damages sought by Vician is $12,424.38.

---

[3]For unpaid work, each plaintiff is simply asking for the minimum wage for hours worked under 40, and is not seeking compensation at their regular rate of pay.

### 2. Renee Ast

Ast avers that she received no compensation for the last 8 weeks of her employment with the defendant (Doc. 18-2, ¶3). She worked approximately 55 hours a week (id., ¶4), which represents 320 hours of regular time and 120 overtime hours. Ast states that the minium wage was $7.67, and her regular rate of pay was $34.97 per hour when she worked a 55-hour workweek (id., ¶¶6-7). Based on the hourly rate of $34.97, the overtime rate was $52.455 (1.5 x $34.97). Consequently, Ast asserts that the defendant owes her $2,454.40 in minimum wages (320 x $7.67), $6,294.60 in overtime compensation (120 x $52.455), and $8,749.00 in liquidated damages (id., ¶¶8-10). In sum, Ast seeks damages in the amount of $17,498.00.

### 3. Justin Langley

Langley states that he was not paid any wages for the last 8 weeks of his employment (Doc. 18-3, ¶3). He worked approximately 45 hours per week during that period (id., ¶4), which constitutes 320 regular time hours and 40 overtime hours. Langley says that his hourly rate was $38.46 when he worked 45 hours per week, and the minimum wage was $7.67 (id., ¶¶6-7). Based on the hourly rate of $38.46, the rate of pay for Langley's

overtime hours was $57.69 (1.5 x $38.46).  Thus, Langley avers that the defendant owes him $2,454.40 in minimum wages (320 x $7.67), $2,307.60 in overtime compensation (40 x $57.69), and $4,762.00 in liquidated damages (id., ¶¶8-10).  The total amount of damages sought by Langley is $9,524.00.

### 4. Jeanne LaPensee

LaPensee avers that she was not paid the minimum wage ($7.67 per hour) for 285 hours (Doc. 18-4, ¶¶3-4).  LaPensee therefore attests that the defendant owes her $2,185.95 in minimum wages (285 x $7.67), plus an equal amount in liquidated damages (id., ¶¶5-6).  Thus, LaPensee seeks damages totaling $4,371.90.

### 5. Bryant Reyes

Reyes states that he received no compensation for 5 weeks of employment (Doc. 18-5, ¶3).  He worked approximately 47.5 hours a week (id., ¶4), which represents 200 regular time hours and 37.5 overtime hours. Reyes avers that the minimum wage was $7.67, and his regular rate of pay was $44.53 when he worked a 47.5-hour workweek (id., ¶¶6-7). Based on the hourly rate of $44.53, the overtime rate of pay was $66.795 (1.5 x $44.53). Consequently, Reyes asserts that the defendant owes him $1,534.00 in

minimum wages (200 x $7.67), $2,504.81 in overtime compensation (37.5 x $66.795), and $4,038.81 in liquidated damages (id., ¶¶8-10).  In total, Reyes seeks $8,077.62 in damages.

      6.  Summary of damages

      In sum, the plaintiffs' declarations establish damages from the defendant's FLSA violations as follows:

| | |
|---|---|
| Eric Vician | $12,424.38 |
| Renee Ast | $17,498.00 |
| Justin Langley | $ 9,524.00 |
| Jeanne LaPensee | $ 4,371.90 |
| Bryant Reyes | $ 8,077.62 |
| Damages total: | $51,895.90 |

As indicated, the defendant has not challenged the sufficiency of this evidence or otherwise objected to recovery of any of these damages.  I therefore recommend that the plaintiffs be awarded damages totaling $51,895.90.

III.

      For the foregoing reasons, I recommend that the Motion for Default Judgment Against Defendant Roberts (Doc. 18) be granted, and that default judgment be entered in favor of the plaintiffs, and against the

defendant, Timothy M. Roberts, in the amount of $51,895.90, plus post-judgment interest calculated at the statutory rate. See 28 U.S.C. 1961.

Respectfully submitted,

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

DATED: JANUARY 13 , 2015

## NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. 636(b)(1).